UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALAMAZE KING, et al., <br><br> Plaintiff(s), <br> v. <br><br> AMAZON.COM SERVICES LLC, <br><br> Defendant(s). | CASE NO. C24-2009-KKE <br><br> ORDER GRANTING UNOPPOSED MOTION TO APPOINT INTERIM CLASS COUNSEL |

The Court previously consolidated two related putative class actions (Dkt. No. 15), and Plaintiffs filed their consolidated complaint (Dkt. No. 16). Plaintiffs have now filed a motion to appoint the three law firms representing them—Terrell Marshall Law Group PLLC; Clarkson Law Firm, P.C.; and Ellzey Kherkher Sanford Montgomery, LLP—as interim co-lead counsel. Dkt. No. 17.

Federal Rule of Civil Procedure 23(g)(3) authorizes the designation of interim class counsel "to act on behalf of a putative class before determining whether to certify the action as a class action." Courts consider the same factors from Rule 23(g)(1)(A) when appointing interim class counsel as when considering the appointment of post-certification counsel. *See, e.g., Smith v. Kaye-Smith Enters., Inc.*, No. 3:22-cv-01499-AR, 2023 WL 11959471, at *2 (D. Or. Jan. 6, 2023). Those factors are:

>(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation,

and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class[.]

Fed. R. Civ. P. 23(g)(1)(A). The court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class[.]" Fed. R. Civ. P. 23(g)(1)(B).

Here, the three firms representing Plaintiffs in this matter have submitted evidence to show that they satisfy the four Rule 23(g)(1)(A) factors. *See* Dkt. Nos. 18, 19, 20. The Court has no reason to doubt counsel's assertions that they have dedicated considerable time and work to identify and investigate the claims brought here, that they have substantial experience litigating complex class actions, that they have extensive knowledge and experience litigating consumer class actions, and that they can continue to commit substantial resources to representing the class. *See id*. The proposed interim co-lead counsel also represent that they do not have any conflicts of interest, and are committed to efficient and cost-effective management of this litigation. Dkt. No. 17 at 11. These statements, which are not opposed by Defendants (Dkt. No. 29), lead the Court to find that appointment of these firms as interim co-lead counsel is appropriate.

Accordingly, the Court GRANTS the unopposed motion to appoint interim co-lead counsel in this matter. Dkt. No. 17. The Terrell Marshall Law Group, Clarkson Law Firm, and Ellzey Kherkher Sanford Montgomery are appointed interim co-lead counsel for the putative class.

Dated this 15th day of April, 2025.

Kymberly K. Evanson
United States District Judge